IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**GROUP INDEPENDENT SALES ORGANIZATION, INC.,**

        **Plaintiff,**

v.                                                                                  No.  2:09-cv-02231

**TELESERVICES, INC., et al.,**

        **Defendants.**

**ORDER GRANTING DEFENDANT MICHAEL SUSSMAN'S MOTION TO QUASH THE RETURN OF SERVICE OR, IN THE ALTERNATIVE, TO GRANT AN EXTENSION OF TIME TO RESPOND**

Before the Court is Defendant Michael Sussman's Motion to Quash the Return of Service or, in the Alternative, to Grant an Extension of Time to Respond ("Motion to Quash") (D.E. #13).[1] In the instant motion, Sussman contends that he did not receive service of process and that the purported service did not comply with the Federal Rules of Civil Procedure. Plaintiff Group Independent Sales Organization, Inc. ("Group ISO") responds that Sussman has properly been served with process.  For the reasons set forth herein, Sussman's Motion to Quash is GRANTED.

---

[1] Under Local Rule 7.2(a), all civil motions must be "accompanied by a supporting memorandum of facts and law" and "shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion.  Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion."  Local Rule 7.2(a)(1).  In the instant case, Defendant filed to file either an accompanying memorandum of facts and law or a certificate of consultation.  Although the Court elects not to deny the instant motion for failure to include a certificate of consultation and a supporting memorandum, the Court advises the parties to comply with all Local Rules in the filing of any future motions.

**I. Introduction**

This case arises from allegations of breach of contract, fraud, common counts and conversion in violation of a Merchant Credit Card Processing Agreement ("Agreement"). On April 21, 2009, the Clerk of Court of the United States District Court for the Western District of Tennessee issued a Summons in a Civil Action to "Michael S. Sussman a/k/a Mike Sussman, an individual, 14525 S.W. Millikan Way, #10287, Beaverton, OR, 97005." On June 10, 2009, Plaintiff filed an "Affidavit of Service for Summons, Complaint, and Civil Cover Sheet served on Michael S. Sussman on May 29, 2009." ("Affidavit") (D.E. #12). The Affidavit is entitled "Notice of Tenant of a Mail Agent Service" and is addressed to "Michael S. Sussman, aka Mike Sussman, 14525 SW Millikan Wy [sic] #10287, Beaverton, OR, 97005." The Affidavit states that a true copy of the Summons, Complaint, and Civil Cover Sheet was delivered "to Brandon McIntire, Clerk on Duty of Earth Class Mail, the person apparently in charge." The Affidavit further states that service was made "at the place where the mail agent receives mail for the tenant." The Affidavit contains an "Affidavit of Mailing," which is signed and attested by a Notary Public for the State of Oregon and states that the Notice of Service was mailed on June 1, 2009.

On June 29, 2009, the instant Motion to Quash was filed. Sussman contends that he never actually received service of the Summons or Complaint, but instead was made aware of the purported service through the Court's electronic filing system. Sussman argues that the Affidavit of Service does not state what rule or statute is relied upon and that neither the Federal or Tennessee Rules of Civil Procedure allow for service by mail. Sussman contends that Group ISO appears to be relying upon Oregon Rule of Civil Procedure 7.D(3)(a)(iv) regarding service on the tenant of a mail agent, but Sussman asserts that Group ISO did not comply with the requirements of this statute.

On July 15, 2009, Group ISO responded to the instant Motion to Quash. Group ISO states that Sussman has previously accepted service of court pleadings and notices at this address. Furthermore, Group ISO argues that Sussman included the Beaverton, Oregon address as his mailing address in his Motion to Quash. See Mot. to Quash at 3. Accordingly, Group ISO contends that the motion attempts to mislead the court, perpetuate a fraud upon the court, delay the resolution of this matter, and waste the resources of the court and the litigants.

**II. Analysis**

The central issue raised in the instant Motion to Quash is whether the purported service of process complied with the Federal Rules of Civil Procedure. Rule 4 of the Federal Rules of Civil Procedure allows for service upon an individual within a judicial district of the United States by doing as follows:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

As to the purported service, which is entitled "Notice of Tenant of Mail Agent Service," it appears to the Court that it was an attempt to comply with Rule 7.D(3)(a)(iv) of the Oregon Rules of Civil Procedure. Under Rule 4(e), service in accordance with Oregon state law would be proper,

3

as Oregon is the state where the purported service was made. Fed. R. Civ. P. 4(e)(1). Under Oregon law, Rule 7.D(3)(a)(iv) governs service upon the Tenant of a Mail Agent, as defined as follows:

> 'Mail agent' means any person, sole proprietorship, partnership, corporation or other entity who owns, manages, rents or operates one or more mailboxes, as defined in this section, for receipt of United States mail or materials received from or delivered by a private express carrier, for any person, sole proprietorship, partnership, corporation or other entity not the mail agent.

O.R.S. § 646A.340.

Under Rule 7.D(3)(a)(iv), service upon the tenant of the mail agent is only appropriate if three criteria are met: (1) the plaintiff makes a diligent inquiry but cannot find the defendant; (2) the plaintiff delivers true copies of the summons and complaint to any person apparently in charge of the place where the mail agent receives mail for the tenant; and (3) the plaintiff, as soon as reasonably possible after delivery, causes true copies of the summons and the complaint to be mailed by first class mail to the defendant at the address at which the mail agent receives mail for the defendant and to any other mailing address of the defendant then known to the plaintiff, together with a statement of the date, time and place at which the plaintiff delivered the copies of the summons and the complaint. Or. R. Civ. P. 7.D(3)(a)(iv).

In the present case, Plaintiff has neither asserted nor offered any evidence that it made a diligent inquiry into Sussman's personal location before effecting service upon the alleged mail agent. Next, Plaintiff has not asserted or offered any evidence that it was unable to locate Sussman after such a diligent inquiry into his personal location. Finally, Plaintiff has not established that it mailed copies of the summons and complaint to the mail agent in addition to delivering the documents to Brian McIntire at Earth Class Mail. All of these actions are plainly and unambiguously required under Oregon law. See Hillman v. Northern Wasco Cty. People's Utility

Dist., 323 P.2d 664, 686 ("When the language of a statute is plain and unambiguous and its meaning clear, there is no room for construction, strict or otherwise."). Thus, the Court finds that Plaintiff did not properly serve Sussman with process under Oregon law.

Notwithstanding Plaintiff's failure to properly serve Sussman in accordance with Oregon law, the Federal Rules of Civil Procedure permit Plaintiff to perform service of process under Tennessee law, as Tennessee is the state where the district court is located. Fed. R. Civ. P. 4(e)(1). However, the Tennessee Rules of Civil Procedure do not contain any provision permitting service upon the "tenant of a mail agent." See Tenn. R. Civ. P. 4. Although Tennessee does permit service by mail, see Tenn. R. Civ. P. 4.04(10) & 4.05(1)(a), the rule requires service by mail upon the defendant personally, see Tenn. R. Civ. P. 4.04(10). Further, "service of process must strictly comply to Rule 4 of the Tennessee Rules of Civil Procedure." Noel Wallace v. Kenerd Paris Wallace, No. 01A01-9512-CH-00579, 1996 WL 411627 (Tenn. Ct. App. July 24, 1996). Although Tennessee law permits a person to designate an agent to receive service on behalf of the individual, see Tenn. R. Civ. P. 4.04, a court should not find anyone to be an agent absent evidence of this designation in the record, see, e.g. Ronald Watson v. Roberto Garza, No. W2007-02480-COA-R3-CV, 2007 WL 4831300, (Tenn. Ct. App. Nov. 7, 2008). In the instant case, the record is replete with evidence establishing that Brandon McIntire was Sussman's designated agent for service of process. Thus, the Court finds that Plaintiff did not effect proper service of process under Tennessee law.

Finally, Rule 4 prescribes certain methods of properly effecting service of process under federal law. See Fed. R. Civ. P. 4(e)(2). However, Rule 4(e) does not permit service of process by mail. Id. Thus, the Court finds that Plaintiff did not properly serve Sussman under federal law.

**III. Conclusion**

Accordingly, Sussman's Motion to Quash is hereby GRANTED. Plaintiff is ORDERED to issue proper service of process upon Sussman in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 23rd day of September, 2009.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
