**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**GROUP INDEPENDENT SALES
ORGANIZATION, INC.,**

      **Plaintiff,**

v.                                                   **No.  2:09-cv-02231**

**TELESERVICES, INC., et al.,**

      **Defendants.**

---

**ORDER GRANTING DEFENDANT MICHAEL SUSSMAN'S DEFENDANT MICHAEL SUSSMAN'S MOTION TO TAKE JUDICIAL NOTICE PURSUANT TO RULE 201(d) OF THE FEDERAL RULES OF CIVIL PROCEDURE, TO QUASH THE SECOND RETURN OF SERVICE OR, IN THE ALTERNATIVE, TO GRANT AN EXTENSION OF TIME TO RESPOND**

---

Before the Court is Defendant Michael Sussman's ("Sussman") Motion to Take Judicial Notice Pursuant to Rule 201(d) of the Federal Rules of Civil Procedure, to Quash the Second Return of Service or, in the Alternative, to Grant an Extension of Time to Respond (D.E. #15).[1] In the instant motion, Sussman alleges numerous deficiencies in the July 2, 2009 Return of Service (D.E. #14). Plaintiff Group Independent Sales Organization, Inc. ("Group ISO") responds that the service of process upon Sussman complied with the Federal Rules of Civil Procedure. For the reasons set forth herein, Plaintiff's motion is hereby GRANTED.

---

[1] Under Local Rule 7.2(a), all civil motions must be "accompanied by a supporting memorandum of facts and law" and "shall be accompanied by a certificate of counsel affirming that, after consultation between the parties to the controversy, they are unable to reach an accord as to all issues or that all other parties are in agreement with the action requested by the motion. Failure to attach an accompanying certificate of consultation may be deemed good grounds for denying the motion." Local Rule 7.2(a)(1). In the instant case, Defendant filed to file either an accompanying memorandum of facts and law or a certificate of consultation. Although the Court elects not to deny the instant motion for failure to include a certificate of consultation and a supporting memorandum, the Court advises the parties to comply with all Local Rules in the filing of any future motions.

**I. Introduction**

This case arises from allegations of breach of contract, fraud, common counts and conversion in violation of a Merchant Credit Card Processing Agreement ("Agreement"). On April 21, 2009, the Clerk of Court for the United States District Court for the Western District of Tennessee issued a Summons in a Civil Action to "Michael S. Sussman a/k/a Mike Sussman, an individual, 14525 S.W. Millikan Way, #10287, Beaverton, OR, 97005." On July 2, 2009, Group ISO filed a Summons Returned Executed ("Return of Service") (D.E. #14).

The Return of Service contained twelve pages of documents pertaining to purported service of process upon Sussman at three addresses in Florida, Oregon, and Delaware. First, the Return of Service states that a true copy of the Summons in a Civil Action was delivered to "Jose Agosto, The Ups Store, a person in charge at the recipient's PRIVATE MAILBOX location at the address of 1730 S. Federal Hwy, Delray Beach, FL, 33483-3309; the only address known after reasonable investigation." Return of Service at 1-8. Next, the Return of Service contains a document that service of process was effected upon the "Tenant of a Mail Agent" at "14525 SW Millikan WY [sic] #10287, Beaverton, OR 97004, to BRANDON McINTIRE, CLERK ON DUTY of EARTH CLASS MAIL, the person apparently in charge." Return of Service at 9-10. Next, the Return of Service contains a document stating that Sussman was personally served at "2711 Centerville Road, #400, Wilmington, Delaware 19808" on June 12, 2009 by James White, a Private Detective. Return of Service at 11. Finally, the Return of Service contains a blank copy of a Summons in a Civil Action in a United States District Court. Return of Service at 12.

**II. Analysis**

In the instant motion, the Court must determine whether the purported service of process in

Florida and Delaware complied with Rule 4 of the Federal Rules of Civil Procedure. This rule requires that a summons must be "directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B). Further, the Advisory Committee's Note to the 1993 Amendments to Rule 4(b) states that it is essential that the "addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee's note.

In the instant case, the April 21, 2009 Summons issued by the Clerk of Court for the Western District of Tennessee lists Sussman's Oregon address for service of process. The Return of Service does not contain any other summons issued to Sussman at the Delaware or Florida addresses; instead, the Return of Service contains only a blank copy of a Summons in a Civil Action in a United States District Court. See Return of Service at 12. Accordingly, the Court finds that the Summons was "directed to the defendant" at the Florida or Delaware addresses and that the "addressee of the summons" was not "effectively identified." Therefore, the Court finds that Group ISO did not properly serve Sussman under Rule 4 of the Federal Rules of Civil Procedure.

As to the purported service of process in Oregon, Sussman has filed a separate Motion to Quash (D.E. #13) asserting that this attempt to serve him was also improper. Additionally, Sussman filed a separate "Affidavit of Service of Summons, Complaint and Civil Cover Sheet" on June 10, 2009 pertaining to the purported service of process in Oregon, notwithstanding that he including the same documents in the July 2, 2009 Return of Service. Accordingly, the Court will address this issue in its order on Sussman's related Motion to Quash.

### III. Conclusion

For the reasons set forth herein, Sussman's Motion to Quash the Second Return of Service is hereby GRANTED. Plaintiff is ORDERED to issue proper service of process upon Sussman in accordance with Rule 4 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED** this 23rd day of September, 2009.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE
